UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Chapter 7 |
| | ) | |
| AMY J. AND ROBERT E. WALKER | ) | CASE NO. 21 B 06967 |
| | ) | |
| DEBTORS | ) | HON. Lashonda A. Hunt |
| | | (Joliet) |

## NOTICE OF MOTION

PLEASE TAKE NOTICE that on **FRIDAY November 19, 2021, at 9:15 a.m.**, I will appear electronically before the Honorable LaShonda A. Hunt or any judge sitting in that judge's place, and present the **Motion to Dismiss Chapter 7 Case**, a copy of which is attached.

**This motion will be presented and heard electronically using Zoom for Government.** No personal appearance in court is necessary or permitted. To appear and be heard on the motion, you must do the following:

**To appear by video**, use this link: https://www.zoomgov.com/join. Then enter the meeting ID and password.

**To appear by telephone**, call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. Then enter the meeting ID and password.

**Meeting ID and passcode.** The meeting ID for this hearing is **161 165 5696** and the passcode is **7490911**. Additional information can be found on Judge Hunt's webpage on the court's website: https://www.ilnb.uscourts.gov/content/judge-lashonda-hunt.

**If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without a hearing.


/s/ *M. Gretchen Silver*
M. Gretchen Silver, Attorney
OFFICE OF THE U.S. TRUSTEE
219 S. Dearborn, Room 873
Chicago, Illinois 60604
(312) 353-5054

# CERTIFICATE OF SERVICE

I, M. Gretchen Silver, Trial Attorney, certify that on November 4, 2021, I caused to be served copies of the **Motion to Dismiss Chapter 7 Case, Exhibits and Proposed Order** on the ECF Registrants shown below *via* the Court's Electronic Notice for Registrants and *via* First Class US Mail by BMC Group on all other entities shown at the addresses listed below. A supplement to this Certificate of Service from BMC Group will be filed.

/s/ M. Gretchen Silver

# SERVICE LIST

**Registrants Served Through the Court's Electronic Notice for Registrants:**

- **Kinnera Bhoopal**  kinnera.bhoopal@mccalla.com, mccallaecf@ecf.courtdrive.com
- **Edward H Cahill**  amps@manleydeas.com
- **Adam B Hall**  amps@manleydeas.com
- **Peter N Metrou**  trustee7@metandnem.com, pmetrou@ecf.axosfs.com
- **Dana N O'Brien**  dana.obrien@mccalla.com, NDistrict@mccalla.com,mccallaecf@ecf.courtdrive.com
- **David M Siegel**  davidsiegelbk@gmail.com, R41057@notify.bestcase.com;johnellmannlaw@gmail.com

**Parties Served via First Class Mail:**

Amy J. Walker
Robert E. Walker
885 E. Short Drive
Coal City, IL 60416

PRA Receivables Management, LLC
PO Box 41021
Norfolk, VA 23541

The Huntington National Bank
PO Box 89424
Cleveland, OH 44101

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| In Re: | ) | Chapter 7 |
|---|---|---|
| | ) | |
| AMY J. AND ROBERT E. WALKER | ) | CASE NO. 21 B 06967 |
| | ) | |
| DEBTORS | ) | HON. Lashonda A. Hunt (Joliet) |

## **MOTION TO DISMISS CHAPTER 7 CASE**

NOW COMES PATRICK S. LAYNG, the United States Trustee for the Northern District of Illinois (the "U.S. Trustee"), by his attorney, M. Gretchen Silver, and moves this Court to dismiss the above-captioned Chapter 7 case under 11 U.S.C. § 707(b)(3). In support thereof, the U.S. Trustee respectfully states:

### I. BACKGROUND

1. Movant is the U.S. Trustee and he timely brings this motion pursuant to Section 707(b) of the Bankruptcy Code.

2. This Court has jurisdiction to hear and determine this matter pursuant to Title 28, Section 157(b)(2)(A) of the United States Code and IOP15(A) and LR 40.3.1 of the United States District Court for the Northern District of Illinois.

3. On May 31, 2021, Amy J. and Robert E. Walker (the "Debtors") filed their voluntary petition for relief under Chapter 7 of the Bankruptcy Code. Attached as *Group Exhibit A* is a copy of the Debtor's Petition, Schedules, Statement of Financial Affairs (collectively, the "Schedules").

4. On or around that date, Peter Metrou was appointed Chapter 7 Trustee in this case (the "Trustee").

1

5. The Debtors have primarily consumer debt. *See Group Exhibit A, Petition*. The Debtor lists $96,985 in unsecured and nonpriority debt on Schedule E/F.

6. The Debtors claims a household of five, including an adult daughter. On Schedule I, Debtor Amy discloses gross wages of $5,468 and Robert discloses $3,761.33 per month. Debtors' household has gross wages of $9,218.33 per month, or $110,617 annually. *See Group Exhibit A, Schedule I*. The U.S. Trustee is disregarding both the income and expenses associated with the surrendered property.

7. Debtors' Schedule I reflects a paycheck deduction from Debtor Amy's income for repayment of a TSP loan of $300 per month, which is not an appropriate deduction in a chapter 7 case. This deduction is in addition to the Debtor Amy's retirement deduction of $219 per month, also not an allowed chapter 7 expense.

8. Debtors' original Schedule J for household expenses included the following, which the U.S. Trustee believes are unreasonably high: clothing/laundry, $396; personal care, $397; phone and internet expense; $650; and education expenses, $342. *See Group Exhibit A*. These expenses without further explanation and justification are unreasonably high under the totality of the circumstances.

9. Debtors deduct $175 per month for student loans, which is not an allowed chapter 7 expense.

10. Debtors affirmed that the information contained in the Petition, Schedules and Statement of Financial Affairs was true and correct at their Section 341 Meeting, held on July 6, 2021.

11.     After the U.S. Trustee's Office inquired about the case, the Debtors responded that they expect that Amy's income will be reduced by the U.S. Postal Service. To date, she has not experienced a reduction in income.

12.     After repeated and extensive inquiries by the U.S. Trustee, the Debtors filed an amended Schedule I/J on October 27, 2021. *A copy is attached as Exhibit B*. The clothing and personal care expenses were each reduced by almost $200, but that deduction was offset by adding almost $400 to the food budget.

13.     Attached as *Exhibit C* is an affidavit by the U.S. Trustee Analyst assigned to this case in which the Debtors' deductions and the claimed education expenses are examined to illustrate that a chapter 13 plan would be feasible.

14.     The U.S. Trustee and Debtors' counsel were unable to resolve the U.S. Trustee's inquiry into Debtors' expenses.

## II.     THE DEBTOR'S CASE SHOULD BE DISMISSED UNDER SECTION 707(b)(3)

15.     Section 707(b)(3) directs courts to consider whether the case is an "abuse" of Chapter 7 where, based on the documents filed by the debtor, there is no presumption of abuse under Section 707(b)(2) or the presumption has been rebutted. Factors to be considered by the court are whether the case was filed in "bad faith," Section 707(b)(3)(A), or whether "the totality of the circumstances of the debtor's financial situation . . . demonstrates abuse." 11 U.S.C. § 707(b)(3)(B).

16.     The U.S. Trustee believes this case should be dismissed pursuant to Section 707(b)(3) of the Bankruptcy Code. The principal factors to be considered in deciding if a case is an abuse of Chapter 7 include whether: (1) the petition was filed because of sudden illness, calamity, disability or unemployment; (2) the debtor incurred cash advances and made consumer

purchases far in excess of his ability to repay; (3) the debtor's proposed family budget is excessive or unreasonable; and (4) the debtor's schedules and statements of current income and expenses reasonably and accurately reflect the true financial condition. *In re Lorenca*, 422 B.R. 665, 669 (Bankr. N.D. Ill. 2010). "Courts are not limited to considering the debtor's financial situation only as it existed on the day the petition was filed, but may and indeed must, consider the debtor's financial situation at the time the motion to dismiss is heard." *In re Roppo*, 442 B.R. 888, 892 (Bankr. N.D. Ill. 2010) (citing *In re Pennington,* 348 B.R. 647, 651 (Bankr. D. Del. 2006)).

17. Notably, the Seventh Circuit noted that consideration should be given to a debtor's actual income and expenses when determining whether to dismiss a case under Section 707(b)(3). *Ross–Tousey v. Neary* (*In re Ross–Tousey*), 549 F.3d 1148, 1161–62 (7th Cir. 2008). Indeed, the most relevant factor when assessing abuse under § 707(b)(3) is the debtor's ability to repay his debts. *See In re Smith*, 2016 Bankr. LEXIS 4508, at *7 (Bankr. N.D. Ill. Dec. 27, 2016) (Goldgar, J.) ("ability to pay is 'a primary and potentially sufficient consideration'."); *In re Costello*, 2002 WL 1821663 at *4 (N.D. Ill. 2002) ("[f]ive of six courts of appeals to address the 'substantial abuse' standard agree that the 'primary' or 'principal' factor is the debtors' ability to repay [their] debts."). *see also, In re Behlke*, 358 F.3d 429, 437 (6th Cir. 2004); *In re Green*, 934 F.2d 568 (4th Cir. 1991); *In re Lorenca*, 422 B.R. 665 (Bankr. N.D. Ill. 2010). The analysis of this factor includes a determination of whether the debtor's budget includes excessive or unreasonably high expenses. *In re Bacardi*, 2010 WL 54760, at *4 (Bankr. N.D. Ill. Jan. 6, 2010). It also includes whether the debtor can rearrange his affairs without significant hardship to free up funds to repay a significant amount of debt. *See id*. In *Smith*, Judge Goldgar concluded that a debtor's ability to pay is a "primary and potentially sufficient consideration." *Id.*

18.     Neither of the Debtors nor anyone in their household have suffered a sudden illness, calamity, disability, or unemployment.  Although Mr. Walker was unemployed in 2018, he is currently employed and has been at the same position for more than a year.  Further, it appears that the Debtors could adjust their expenses through modest belt-tightening measures.  If Debtors modified their expenses and removed the disallowed income deductions and expenses, the Debtors would have the ability to repay a meaningful return on their unsecured debts.  *See Group Exhibit A, at Schedule E/F.*

### ***Repayment of TSP and student loans are not allowed chapter 7 expenses***

19.     The Debtors' Schedule I reflects that Amy deducts $300 per month from her gross income to repay a TSP loan.  She also makes voluntary contributions to a retirement plan of $219 per month.  In Chapter 7 cases, courts do not permit debtors to divert money into retirement accounts voluntarily without repaying their creditors.  *See In re Parada*, 391 B.R. 492, 503 (Bankr. S.D. Fla. 2008) (voluntary contribution to IRA not allowable expense in chapter 7); *In re Masella*, 373 B.R. 514, 521 (Bankr. N.D. Ohio 2007) ("401(k) contribution and loan repayments are not permissible deductions when determining an 'ability to pay' under § 707(b)").  In this case, the loan repayment and contribution totaling $519 per month should be used to repay creditors.

20.     Similarly, student loans are generally not an allowed chapter 7 expense.  Student loans, although nondischargeable, are general unsecured loans not entitled to special priority in chapter 7.  At least one court has recognized that scheduled student loan repayments are categorically not a reasonably necessary expense when those obligations are "provide[d] more preferential treatment . . . than is afforded general unsecured claims." *United States Tr. v. Kubatka (In re Kubatka)*, 605 B.R. 339, 365–66 (Bankr. W.D. Pa. 2019).  It appears that Debtors' student

5

loan balance is less than $7,000, which would not prevent other unsecured creditors from receiving a meaningful distribution in a chapter 13.

***The Debtors' expenses for children's education costs are not substantiated and therefore are unreasonable under the circumstances***

21. Debtors have deducted a monthly expense of $342 without explaining its reasonableness or necessity. Further, it was not an apparent or obvious expense on the bank statements produced. Therefore, Debtors have failed to show that it is reasonable or necessary and it should be disallowed as an expense.

22. Although the Debtors submitted some bank account statements to the U.S. Trustee as support for their expenses, the Debtors did not submit justification for the unreasonable amount of their expenses.

23. The Debtors' excessive expenses, together with their refusal to engage in belt-tightening measures, demonstrate that this case is abusive and ripe for dismissal under Section 707(b)(3). If the Debtors' expenses are reduced as noted above, the Debtors could comfortably make a meaningful distribution to their creditors without depriving their family of necessities.

24. Analyzing the facts of this case using the factors related to the totality of circumstances analysis favors dismissal of the Debtors' case. It does not appear that the Debtors' bankruptcy petition was filed because of sudden illness, calamity, disability, or unemployment. Rather, the Debtors earn a substantial, regular income. *See In re Wadsworth*, 383 B.R. 330, 333 (Bankr. N.D. Ohio 2007) (finding that "a debtor, having a stable annual income of almost $100,000, will be hard pressed to establish that they do not have the ability to pay some of their unsecured debt" and dismissing the case under Section 707(b)(3)).

25. Some of the Debtors' claimed expenses identified above are unreasonable under the circumstances and could be reduced to provide available income to repay creditors in a Chapter 13 without depriving the Debtors' family of necessities.

26. Based on the above, and given the totality of the circumstances, the Debtors' case should be dismissed under Section 707(b)(3) of the Bankruptcy Code.

**WHEREFORE**, the U.S. Trustee requests the Court to enter an order dismissing the Debtors' case pursuant to Section 707(b) of the Bankruptcy Code and for such other relief as is just.

RESPECTFULLY SUBMITTED:
PATRICK S. LAYNG
UNITED STATES TRUSTEE

Dated: November 4, 2021

By :/s/ *M. Gretchen Silver*
M. Gretchen Silver, Attorney
OFFICE OF THE U.S. TRUSTEE
219 S. Dearborn, Room 873
Chicago, Illinois 60604
(312) 353-5054